```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

CATHLEEN S. OTT, JAMES R. OTT, Individually
And as Administrator of the Estates of
MATTHEW JAMES OTT, DECEASED, and
BRADLEY RICHARD OTT, DECEASED, and on
Behalf of the Wrongful Death Heirs at
Law of MATTHEW JAMES OTT, DECEASED                    PLAINTIFFS

V.                                  CIVIL ACTION NO. 3:01CV829LN

CONSOLIDATED FREIGHTWAYS CORPORATION
OF DELAWARE, L. GLYNN PEPPER, in his Capacity as
Administrator of the Estate of VALENTIN G. GUZMAN, DECEASED,
L. GLYNN PEPPER, in his Capacity as
Administrator of the Estate of WINFRED MCPHAIL,
DECEASED, CARROLL MCPHAIL,
D/B/A CAR TRUCKING, AND UNKNOWN
PARTIES IN INTEREST, JOINTLY AND SEVERALLY        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed this suit seeking compensation for injuries sustained and damages incurred as a result of a collision between their vehicle and a tractor-trailer owned by defendant Consolidated Freightways Corporation (Consolidated). Prior to trial, plaintiffs settled with Consolidated's excess carrier, AIU Insurance Company, as to any amounts which might be awarded within the coverage of AIU's policy. As part of this settlement, plaintiffs reserved the right to pursue a judgment against Consolidated and to attempt to collect damages up to $8 million from any source of recovery otherwise available to Consolidated. Toward that end, a bench trial on the issue of damages was held on before the court on May 16, 2005. Based on the evidence

presented, the court finds and concludes that plaintiffs have sustained damages totaling $14,000,000.

This case arises from a December 17, 1999 automobile accident in which Jim and Cathleen Ott and their 8-year old son Bradley sustained severe injuries and the Ott's 11-year old son, Matthew, was killed. The accident occurred when the Otts, while headed westbound on Interstate 20 in Scott County, Mississippi, came upon traffic stopped in both westbound lanes due to a motor vehicle collision between defendants Valentin Guzman and Winfred McPhail. As Mr. Ott was slowing the vehicle to stop, a tractor-trailer owned by Consolidated and driven by William M. Beard slammed into the rear of the Otts' mini-van.

There is no question but that this accident and resulting injuries were caused solely by the negligence of William M. Beard, for whose negligence Consolidated is vicariously liable.[1] What the court must determine is an amount that will fairly compensate the Otts for the damages they have suffered as a consequence.

In addition to their own testimony, Mr. and Mrs. Ott offered testimony at trial of several witnesses, including Sergeant Joe

---

[1] Implicit in the conclusion that Beard's negligence was the sole proximate cause of the injuries and damages sustained by plaintiffs is the conclusion that there is no basis for apportioning damages or fault to the Estate of Valentin Guzman, deceased, the Estate of Winfred McPhail, Deceased, or Carroll McPhail, d/b/a Car Trucking, or for finding comparative negligence of any plaintiff.

Nelson with the Mississippi Highway Patrol, Shannon Gibson, an EMT with EmergyStat who worked the collision, and Rev. J. Richard Sawyer, a local pastor who assisted the Otts in their grief process.  In addition, they presented deposition testimony from Galen B. Poole, M.D., Stephen T. Hayne, M.D., F.A.C.P., and William Bruce Jones, Ph.D., and offered in evidence the economist report of David Channel.  In reaching its conclusions herein, the court relied on all the testimony and exhibits.

A party injured through the negligence of another is entitled to recover those damages arising from that negligence, which were reasonably foreseeable.  Under Mississippi law, in determining compensatory damages, factors to consider include the degree of physical injury, mental and physical pain, present and future temporary and permanent disability, medical expenses, loss of wages and wage earning capacity, sex, age and health of the plaintiff, loss of use of limbs, disfigurement or mutilation of the body, and the impact of inflation and change in the purchasing power of money and cost of living.  Jesco, Inc. v. Shannon, 451 So. 2d 694, 705 (Miss. 1984) (citing Woods v. Nichols, 416 So. 2d 659 (Miss. 1982)).  In addition, the Mississippi Court of Appeals has held that a personal injury plaintiff may recover the reasonable value of the loss of enjoyment of life.  K.M. Leasing, Inc. v. Butler, 749 So. 2d 310,321 (Miss. Ct. App. 1999).

Of the three who survived the crash, Mrs. Ott's injuries were the least severe. She suffered soft tissue injuries, facial and torso bruising, cuts that required stitches and bruised ribs. Eight-year-old Bradley suffered a severe closed head injury and skull fracture, an open displaced fracture of the leg and a lacerated liver, all of which caused him severe pain and suffering over a period of months, permanent physical scarring and permanent partial loss of sight, and, by his parents' account, a loss of enjoyment of life arising from his leg injury due to his fear to engage in sports activities.[2]

Mr. Ott was most severely injured in the crash. He suffered severe internal injuries and a severe closed head injury resulting in permanent brain damage, all of which required extended medical care, including extensive rehabilitation. As a result of his injuries, Mr. Ott has residual scarring, but his principal physical injury and accompanying loss has resulted from his brain injury. The evidence convincingly established that as a result of this injury, Mr. Ott's mental processes are not what they once were, nor will they ever be. He suffers from chronic fatigue, memory loss and is unable to perform complex calculations or mental process as quickly as he could previously. Moreover, he

---

[2] The court notes that Bradley died on August 9, 2001, of cancer unrelated to the collision herein. Plaintiffs do not seek any damages for Bradley's death and only seek damages for Bradley's injuries and for Bradley's portion of Matthew Ott's wrongful death claim.

experiences severe mood swings, and both he and Mrs. Ott credibly testified that there has been a significant and noticeable change in his personality.  The evidence fully supports a conclusion that Mr. Ott has suffered a significant loss of enjoyment of life as a result of this injury, and that it has resulted, as well, in partial disability inasmuch as his mental slowing and mood changes have caused him to be demoted at work.

In addition to their physical injuries, Mr. and Mrs. Ott and Bradley suffered mental anguish as a proximate result of those injuries.  Mr. Ott suffered also, from having to watch Cathleen and Bradley's suffering, as did Bradley, who at the tender age of eight years, had to hear that his father might not survive his injuries and see his father in the hospital in critical condition, and who had to watch his mother mourn both Matthew's loss and Jim's injuries.

The immediate emotional impact to Mrs. Ott in the days and weeks following the accident was particularly acute.  Due to the severity of Mr. Ott's and Bradley's injuries, Mrs. Ott was essentially left alone to deal with and to grieve the loss of her son, Matthew, while at the same time having to contend emotionally with the uncertainty and fear resulting from Jim's injuries, and the emotional pain of watching her remaining child suffer from his own injuries, sorrow and fear.

5

Of course, the greatest pain the Otts suffered from this accident was from Matthew's death.  James and Cathleen testified at length regarding their extreme emotional pain and suffering over the loss of Matthew, and as to the devastating effect of this loss on Bradley, who had trouble coping with that loss until the day he died.  In short, they all have suffered profound emotional distress as a result of Matthew's death, and in the case of Jim and Cathleen, this suffering will be permanent.

Based on the foregoing, and apart from wrongful death damages, which are addressed <u>infra</u>, the court finds that Jim Ott has suffered damages totaling $3,984,113, computed as follows:

```
Medical expenses                                         $147,787
Physical pain and suffering ($100/day for 180 days)     $ 18,000
Permanent brain damage, permanent loss
    of function and mental capacity, and
    permanent scarring:                                  $300,000
Permanent loss of enjoyment of life
    due to brain injury ($50/day for 13,870 days³)      $693,500
Mental Anguish ($200 per day for 13,870 days)         $2,774,000
Loss of Wages (December 17, 1999 to May 15, 2000)       $45,000
Out-of-Pocket Expenses:                                   $5,826
```

Cathleen Ott, and apart from wrongful death damages, has suffered damages totaling $3,215,450, calculated as follows:

```
Medical expenses                                          $2,050
Physical pain and suffering ($100/day for 14 days)       $1,400
Mental anguish ($200/day for 16,060 days⁴)           $3,212,000
```

---

    ³   On the date of the accident, Jim had a life expectancy of over 38 years, or 13,780 days.

    ⁴ On the date of the accident, Cathleen had a life expectancy of 44 years, or 16,060 days.

6

Bradley Ott suffered damages, apart from wrongful death damages, totaling $186,376, as follows:

| | |
|---|---:|
| Medical expenses | $17,376 |
| Physical pain and suffering ($100/day for 60 days) | $9,000 |
| Loss of enjoyment of life ($50/day for 600 days[5]) | $30,000 |
| Permanent scarring and partial loss of sight | $10,000 |
| Mental Anguish ($200/day for 600 days) | $120,000 |

<u>Wrongful Death of Matthew James Ott</u>:

Pursuant to the Mississippi Wrongful Death Statute, Mississippi Code Ann. §11-7-13, the wrongful death beneficiaries of a person whose death results from the negligence of another person are entitled to recover funeral expenses, the net present cash value of the deceased's life expectancy, the loss of enjoyment of life of the deceased, and the loss of society and companionship to the wrongful death beneficiaries, in this case Jim, Cathleen, and Bradley Ott. See <u>McGowan v. Estate of Wright</u>, 524 So. 2d 308 (Miss. 1988); <u>Jones v. Shaffer</u>, 573 So. 2d 740 (Miss. 1990).[6]   The funeral expenses paid by the Ott family for Matthew Ott's funeral and burial totaled $9,116.

---

[5]   Bradley lived for 600 days following Matthew's death.

[6]  In addition, the wrongful death beneficiaries are entitled under the law to recover medical expenses of the last illness attributable to the negligent acts, the pain and suffering of the deceased from the time of the negligent act until the time of death, and the mental anguish of the deceased from the time of the negligent act until the time of death. However, Dr. Hayne testified that Matthew Ott's spinal cord was completely severed, and that he died a near instantaneous death. Accordingly, plaintiffs acknowledge that such damages are not appropriate here.

7

Although Matthew was not employed due to his age, the reasonable expected value of his earnings was calculated by David C. Channell, DBA, CF to be $420,217 after applying a reasonable consumption rate.

At the time of his death, Matthew was eleven years old, with a normal life expectancy at that time of over sixty-four years.  That sixty-four years would have included the pleasure of growing up, becoming educated, obtaining a job, spending time with his parents and family, walking, talking, gardening, visiting, playing golf and tennis, camping, dating, getting married, having children, going to church, and the myriad of other things that people enjoy as they grow up and live life.  For the loss of this enjoyment of life, the court will award compensation in the amount of $3,156,027.

Concerning the loss of society and companionship to Jim, Cathleen and Bradley Ott, the testimony at trial showed that this was a close-knit family who did everything together.  They did many family activities, took vacations, visited relatives and attended church together as a family, and the family had an extremely close relationship with one another.  For the time periods that Jim, Cathleen and Bradley, respectively, have been and/or will be deprived of the joy of living with Matthew, the court will award compensation according to their respective life expectancies, as follows:

```
James R. Ott ($100/day for 13,870 days)               $1,387,000
Cathleen S. Ott ($100/day 16,060 days)                $1,606,000
```

    Bradley Richard Ott ($100/day for 600 days)      $60,000

    Based on the foregoing, it is ordered that defendant Consolidated Freightways Corporation of Delaware is liable to plaintiffs in the following amounts:

    James R. Ott in the amount of $5,371,113;

    Cathleen S. Ott in the amount of $4,821,450;

    The Estate of Bradley Richard Ott in the amount of $246,376; and

    The Estate of Matthew James Ott in the amount of $3,585,360.

    A separate judgement will be entered in accordance with Federal Rule of Civil Procedure 58.

    SO ORDERED this the 21st day of June, 2005.


                                         /s/ Tom S. Lee
                                         UNITED STATES DISTRICT JUDGE